## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CALIFORNIA DEPARTMENT OF
HEALTH CARE SERVICES, et al.,

    Plaintiffs,

v.                                                                            Civil Action No. 01:08-00363(HHK)

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES and
MICHAEL O. LEAVITT, SECRETARY
OF HEALTH AND HUMAN SERVICES,

    Defendants.

## ANSWER

Defendants, the United States Department of Health and Human Services and Michael O. Leavitt, Secretary of Health and Human Services ("Secretary"), by and through undersigned counsel, answer Plaintiffs' Second Amended Complaint for Injunctive and Declaratory Relief ("Complaint") as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over this action.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims are not ripe for judicial review.

### FOURTH DEFENSE

Plaintiffs lack standing to bring their claims.

## **FIFTH DEFENSE**

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendants plead as follows:

1-2.  Admit.

3.  This paragraph contains Plaintiffs' characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, deny, except to admit that Plaintiffs seek injunctive and declaratory relief against provisions of the Interim Final Rule.

4.  Deny.

5.  Admit that the Interim Final Rule with Comment Period, promulgated on December 4, 2007, 72 Fed. Reg. 68,077 (Dec. 4, 2007), has an effective date of March 3, 2008; by way of further answer, Defendants aver that one of the provisions Plaintiffs challenge, the "one case manager provision," see Complaint ¶ 36, has a "delayed compliance date" before the Centers for Medicare & Medicaid Services ("CMS") will "take enforcement action." See 72 Fed. Reg. at 68,082.

6-16.  Admit.

17-18.  These paragraphs contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required.

19.  Admit the first and second sentences. The third sentence contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, Defendants lack information sufficient to admit or deny, except to admit that states must comply with federal requirements specified in the SSA as well as agency

regulations. Answering further, Defendants aver that the legal effect of "program guidance" would depend on the specific guidance at issue.

20-21. These paragraphs contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the cited statutory and legislative provisions for a full and accurate statement of their contents.

22. This paragraphs contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the cited State Medicaid Manual Provision, see Certified Administrative Record ("A.R.") 71-86,[1] for a full and accurate statement of its contents.

23. This paragraph contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

24. Defendants admit that CMS issued a State Medicaid Director Letter on January 19, 2001. The remainder of this paragraph contains Plaintiffs' characterization of that letter, which speaks for itself. Defendants respectfully refer the Court to the cited State Medicaid Director Letter, see A.R. 151-54, for a full and accurate statement of its contents.

25-26. These paragraphs contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the cited provisions of the Deficit Reduction Act of 2005 ("DRA") for a full and accurate statement of their contents.

---

[1] Defendants are filing separately the certified rule making record for the Interim Final Rule with Comment Period.

27. Admit the first two sentences. The remaining sentences contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the cited provisions of the DRA for a full and accurate statement of their contents.

28. Admit.

29. Admit the first and second sentences. Deny the allegations in the third sentence, except to admit that the Secretary has informed States that the policies set forth in the Interim Final Rule with Comment Period will apply to the definition of case management services as provided under section 1915(c) Home and Community Based Services waiver programs; however, by way of further answer, Defendants aver that the Secretary has informed states that the policies set forth in the Interim Final Rule with Comment Period will be applicable to their submission of a "renewal" of their section 1915(c) waiver program. Because the renewal cycle for waivers is no greater than five years, all waivers should be compliant no later than March 3, 2013.

30. Deny.

31. The first sentence contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the cited provision of the DRA for a full and accurate statement of its contents. Deny the second sentence.

32. Deny the first sentence. The remainder of the paragraph sets forth Plaintiffs' conclusions of law and characterizations of the Interim Final Rule, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the cited portions of the Interim Final Rule with Comment Period for a full and accurate statement of their contents.

33. Deny.

34. Deny the first sentence. The second and third sentences contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the cited provision of the DRA for a full and accurate statement of its contents.

35. Deny the first sentence. The second and third sentences contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the relevant provisions of the DRA and the Interim Final Rule for a full and accurate statement of their contents.

36. Deny the first sentence. The second sentence contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the relevant provisions of the DRA for a full and accurate statement of their contents. Defendants note that the third sentence is ambiguous; the Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence.

37. Deny the first sentence. The second sentence contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the relevant provisions of the DRA for a full and accurate statement of their contents. Defendants note that the third sentence is ambiguous; Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence.

38. Deny the first sentence. The second sentence contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the relevant provisions of the DRA for a full and accurate statement of their contents.

Defendants note that the third sentence is ambiguous; Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence.

39. Deny the first sentence. The second and fourth sentences contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the relevant provisions of the DRA for a full and accurate statement of their contents. Defendants deny the third sentence, except to admit that "individuals with mental illness or developmental disabilities often cannot access services without assistance" and that some "States permit case managers to accompany these individuals to services."

40. The first sentence of this paragraph contains Plaintiffs' characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, deny. The second sentence contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, deny. By way of further answer, Defendants aver that CMS has informed states that the agency recommends that states submit State Plan Amendments (if necessary) no later than June 30, 2008 to revise any reimbursement, coverage, and eligibility provisions of the approved Medicaid State plans that will be affected by the Interim Final Rule with Comment Period, and that CMS is in the process of developing additional guidance regarding State Plan Amendment submittals.

41-42. Deny.

43-51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs. These paragraphs contain Plaintiffs' allegations regarding their perceived impact of the Interim Final Rule with Comment Period on the Medicaid programs in California (¶ 43), Illinois (¶ 44), Kentucky (¶ 45), Maine (¶ 46), Maryland (¶ 47),

New Jersey (¶ 48), New York (¶ 49), Oklahoma (¶ 50), and Tennessee (¶ 51), without any assertion that CMS has disallowed a claim for federal reimbursement for case management services, without any assertion that any state has submitted a state plan amendment (or needed to submit a state plan amendment) to come into compliance with the Interim Final Rule with Comment Period, see 42 U.S.C. § 1316(a)(2); 42 C.F.R. § 457.203; 42 C.F.R. part 430, subpart D, and without any assertion that CMS has instituted a compliance hearing because any State plan has been found noncompliant as a result of the Interim Final Rule with Comment Period. See 42 U.S.C. § 1397ff(c); 42 C.F.R. § 457.204.  Whether, and to what extent, these various State Medicaid programs, with their various state-specific plans and requirements, will actually be affected by the Secretary's actions and the Interim Final Rule with Comment Period has yet to be determined.  Accordingly, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

52. Defendants repeat and re-alleges every response in paragraphs 1 through 51 of this Answer as if fully set forth herein.

53-54.  These paragraphs contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, deny.

55. Deny.

56. This paragraph contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, deny.

57-59.  Deny.

60. Defendants repeat and re-alleges every response in paragraphs 1 through 51 of this Answer as if fully set forth herein.

61. This paragraph contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, deny.

62. Deny.

63. Defendants repeat and re-alleges every response in paragraphs 1 through 51 of this Answer as if fully set forth herein.

64. This paragraph contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, deny.

65. Deny.

66. Defendants repeat and re-alleges every response in paragraphs 1 through 51 of this Answer as if fully set forth herein.

67. The first sentence contains Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, deny. Deny the second sentence.

68. Deny.

69. Deny, except to admit that, pursuant to Congressional authority contained in DRA § 6052(b), the Secretary promulgated an Interim Final Rule with Comment Period on December 4, 2007. See 72 Fed. Reg. 68,077 (Dec. 4, 2007).

70. Deny.

The remainder of the Complaint contains Plaintiff's Request for Relief to which no response is required; to the extent a response is deemed necessary, deny that Plaintiffs are entitled to the relief requested in the Request for Relief, or to any relief whatsoever. Defendants

specifically deny all allegations in Plaintiffs' Complaint not expressly admitted or qualified herein.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

OF COUNSEL:

THOMAS R. BARKER
Acting General Counsel

JEFFREY A. TAYLOR
U.S. Attorney for the District of Columbia

JANICE L. HOFFMAN
Associate General Counsel

SHEILA M. LIEBER
Deputy Director, Federal Programs Branch

MARK D. POLSTON
Deputy Associate General Counsel
  for Litigation

 /s/ John R. Griffiths
JOHN R. GRIFFITHS
(D.C. Bar No. 449234)
Senior Trial Counsel
U.S. Department of Justice

ROBERT W. BALDERSTON
Attorney

Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044

United States Department of
  Health & Human Services

Telephone:    (202) 514-4652
Fax:              (202) 616-8460
John.Griffiths@usdoj.gov

Attorneys for Defendants